**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDREW RICK LOPEZ,

Petitioner - Appellant,

v.

WARDEN, California State Prison at
Corcoran; BOARD OF PRISON TERMS,

Respondents - Appellees.

No. 07-15938

D.C. No. CV-04-05531-LJO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

California state prisoner Andrew Rick Lopez appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253[1], and we affirm.

Lopez contends that the Board's 2002 decision to deny him parole for five years was not supported by "some evidence" and therefore violated his substantive due process rights. The state court did not unreasonably conclude that some evidence supports the Board's decision to deny parole. *See* 28 U.S.C. § 2254(d); *see also Hayward v. Marshall*, 603 F.3d 546, 562-63, 569 (9th Cir. 2010) (en banc).

Lopez argues that his procedural due process rights were violated because the hearing panel was comprised of two Board members instead of three, and he was deprived of numerous pre-hearing safeguards and, as a result, the record is inaccurate and unreliable. These claims are not persuasive in light of the record and because Lopez received all the procedural protections due under the United States Constitution. *See Greenholtz v. Inmates of Neb. Penal. & Corr. Complex*, 442 U.S. 1, 15-16 (1979) (stating that the Constitution only requires that a prisoner be afforded an opportunity to be heard and be informed of the reasons for parole

---

[1] We certify for appeal, on our own motion, the issues of whether the 2002 decision of the California Board of Prison Terms ("the Board") to deny parole for five years violated due process, and whether Lopez was denied due process protections before the hearing and by the Board's composition. We also certify for appeal Lopez's claim that he received ineffective assistance of counsel. We decline to issue a certificate of appealability as to his remaining claims.

denial). Further, insofar as these claims rely on purported violations of state law, they are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Lopez maintains he received ineffective assistance of counsel. The record does not indicate that counsel's performance was deficient, and Lopez cannot establish prejudice because there was some evidence supporting the Board's decision to deny him parole. *See Strickland v. Washington*, 466 U.S. 668, 688, 693-94 (1984).

Accordingly, the state court's decision rejecting Lopez's claims was neither contrary to, nor an unreasonable application of clearly established federal law as determined by the United States Supreme Court nor based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**